UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NATHAN L. PRICE and
ADAM KOMOROSKI,

        Plaintiffs,

        v.                                    Case No. 23-C-833

T. EDWARD WILLIAMS,
WILLIAMS LLP,
ABC INSURANCE COMPANY and
DEF INSURANCE COMPANY,

        Defendants.

## DECISION AND ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

    Plaintiffs Nathan L. Price and Adam Komoroski brought this action against Defendants T. Edward Williams, Williams LLP, and two placeholder insurance companies, asserting claims of legal malpractice and civil theft. Mr. Williams removed this action from Door County Circuit Court on June 22, 2023. On July 19, 2023, Plaintiffs filed a motion for remand on the ground that the removal was untimely. Mr. Williams filed an untimely response to the motion to remand on August 14, 2023, and Plaintiffs subsequently filed a motion to strike Mr. Williams' response and reply brief in support of the motion to remand. The court will address the motion for remand on the merits, rather than strike the response as untimely. For the reasons that follow, Plaintiff's motion to remand will be granted.

    "Removal is proper if it is based on statutorily permissible grounds, 28 U.S.C. § 1441, and if it is timely." *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004) (citing 28 U.S.C. § 1446). Pursuant to 28 U.S.C. § 1446, "[t]he notice of removal of a civil action or

proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). The party seeking to invoke federal jurisdiction bears the burden of showing that removal is proper. *Boyd*, 366 F.3d at 529.

Plaintiffs commenced this action on April 3, 2023. Plaintiffs assert that Mr. Williams was served with the summons and complaint on May 9, 2023, by substitute service through Mr. Williams' wife, "Asia Williams," at a home owned by Mr. Williams in Denver, Colorado in accordance with Wis. Stat. § 801.11(1)(b). *See* Dkt. No. 7-1. Mr. Williams argues that he has not been properly served in this action. He claims that Plaintiffs were required to serve him personally, rather than through substitute service; that he does not know a person named "Asia Williams," and that he was not in the country when Plaintiffs contend service took place.

Under Wisconsin law, service of process may be completed by "personally serving the summons upon the defendant either within or without this state." Wis. Stat. § 801.11(1)(a). If with reasonable diligence the defendant cannot be personally served, however, a copy of the summons can be left at the defendant's "usual place of abode":

1. In the presence of some competent member of the family at least 14 years of age, who shall be informed of the contents thereof;

1m. In the presence of a competent adult, currently residing in the abode of the defendant, who shall be informed of the contents of the summons; or

2. Pursuant to the law for the substituted service of summons or like process upon defendants in actions brought in courts of general jurisdiction of the state in which service is made.

2

Wis. Stat. § 801.11(1)(b).  In this case, after the process server made attempts to personally serve Mr. Williams on May 4, 2023, May 6, 2023, and May 9, 2023, the process server served Mr. Williams through substitute service by serving Asia Williams, who was identified as Mr. Williams' spouse, at 3082 S. Gilpin Street, Denver, Colorado 80210.  Dkt. No. 7-1.  Although Mr. Williams asserts that he does not know an "Asia Williams," an "Asya" Williams, also known as Asya Kaklamanova Williams, lives at the same address as Mr. Williams in Denver, Colorado.  *See* Dkt. No. 19.  In short, Mr. Williams was properly served with the summons and complaint under Wis. Stat. § 801.11(1)(b).

Because Mr. Williams was served with the summons and complaint on May 9, 2023, he had until June 8, 2023, to remove the action to federal court.  Mr. Williams did not remove this action to this court until June 22, 2023, which is after the time for removal permitted under 28 U.S.C. § 1446.  The removal was, therefore, untimely.  Accordingly, Plaintiffs' motion to remand (Dkt. No. 6) is **GRANTED**, Plaintiffs' motion to strike (Dkt. No. 16) is **DENIED**, and Plaintiff's motion to restrict (Dkt. No. 20) is **GRANTED**.  This case is remanded to Door County Circuit Court.  The Clerk is directed to send a certified copy of this remand order and docket to the Clerk of the Door County Circuit Court.

**SO ORDERED** at Green Bay, Wisconsin this 30th day of August, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge